DISTRICT COURT. FEBRUARY 1, 1862.
ADMIRALTY.

## THE E. WATERMAN.*

Speedy condemnation and sale of vessel and perishable cargo, her hostile character being evident and no claimant having intervened.

## PRIZE.

## CADWALADER, J.

The Assistant Attorney of the United States brings this case to the consideration of the Court as well upon the report of the commissioners showing that the vessel and her cargo is perishable from existing and continuing deterioration and accrued and accruing charges, as also upon the preparatory proofs showing evidently such an ownership in enemies of the United States in the present civil war as renders both vessel and cargo liable to condemnation. Whereupon the Court said: This case is within the rule which makes a condemnation proper on account of the evident character of the ownership without the delay of a year which

*Reporter's note. This case and a few others of the same kind which follow in their chronological order, although not, in form, opinions, have been thought not to be without value in a collection containing admiralty cases. In each instance mention is made of the reason, the *droit*, upon which the condemnation is made. They appear to rise, therefore, above the rank of mere formulas. If further excuse for their appearing here should be needed, it may be found in the general interest, upon a retrospective view of the subject. In cases where an opinion has been delivered they have sometimes been attached, as in the General Parkhill.

as there is no claim might otherwise be proper. The vessel and cargo are condemned.

### DECREE.

Whereupon it is ordered, adjudged and decreed that the said schooner E. Waterman, her tackle, apparel and furniture, and the cargo laden on board thereof, be condemned as forfeited for the causes in the said libel set forth.

And on like motion, it is further ordered, that the said schooner, her tackle, apparel and furniture, together with the cargo laden on board, be sold according to the course and practice of the court, and that the marshal pay the proceeds thereof into the registry of the court to abide its further order and direction.

---

DISTRICT COURT.                              FEBRUARY 8, 1862.
                        ADMIRALTY.

## THE HERALD AND CARGO.

1. The falsification of the destination of a vessel in her clearance at the port of departure should be ruled by the law of war, and is cause for her condemnation: so also, when the master in the preparatory examination made false statements for the purpose of deception as to ownership.

2. Where there is actual knowledge of an intended blockade during civil war a vessel is confiscable as for its violation where its port of departure is within the domestic jurisdiction. *Quære.* When the port of departure is within a foreign jurisdiction.

3. Indulgence in matters of practice in prize cases. Rights of foreign owners. Allowance of a year to prosecute their claims.

### PRIZE.

### CADWALADER, J.

The case of this vessel and that of her cargo are somewhat complicated with each other. As to the vessel—of which fifty-nine sixty-fourths are of alleged British ownership—the principal questions are:

1. Should the case be ruled by the law of war?